UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:09CV-P46-R

**CLAUDE R. COX**                                                                                      **PLAINTIFF**

v.

**HOBERT HUDDLESTON** *et al.*                                                         **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Claude R. Cox filed a *pro se* civil complaint. This matter is before the Court on Plaintiff's application to proceed without prepayment of fees (DN 3).

Section 1915 of Title 28 of the United States Code governs proceedings *in forma pauperis*. That statute provides in pertinent part as follows:

> (g) In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The only exception to the limitation noted in the statute is if "the prisoner is under imminent danger of serious physical injury." *Id.*

Plaintiff has filed numerous civil actions while incarcerated in the Commonwealth of Kentucky, and at least three of those actions were dismissed because they were frivolous, malicious or failed to state a claim upon which relief may be granted. *See, e.g., Cox v. Parke et al.*, Civil Action No. 3:92CV-214-S; *Cox v. Combs et al.*, Civil Action No. 3:92CV-219-M; and *Cox v. Parke et al.*, Civil Action No. 3:92CV-257-S. Despite the fact that many of Plaintiff's actions were dismissed prior to the effective date of the Prison Litigation Reform Act and the

resulting amendments to § 1915, those actions may be counted toward the commonly called "three strikes" provision of § 1915(g).  *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As to the "imminent danger" exception, a prisoner must show "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  The "'threat or prison condition [must be] real and proximate,'"  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)), and "the danger of serious physical injury must exist at the time the complaint is filed."  *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).  "Allegations of past harm do not suffice."  *Ciarpaglini*, 352 F.3d at 330.

In the complaint, Plaintiff alleges that he fears for his life in the section of Kentucky State Penitentiary ("KSP") where he is currently being housed due to trouble with officers and inmates in that section.  He claims that he asked Defendants to move him to a safer location within KSP or to transfer him to another facility but that his requests were denied.  These allegations appear to be current and ongoing.  The Court, therefore, concludes that Plaintiff has sufficiently alleged under 28 U.S.C. § 1915(g) that he is under "imminent danger of serious physical injury" and is not barred in the instant action from proceeding as a pauper if he meets the requirements under 28 U.S.C. § 1915(a) for such status.

Upon consideration of the information provided in Plaintiff's application to proceed without prepayment of fees (DN 3) and his prison trust account statement (DN 5), the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a).

**IT IS THEREFORE ORDERED** that Plaintiff's application (DN 3) is **GRANTED**.

**Pursuant to 28 U.S.C. § 1915(b)(1), however, Plaintiff is required to pay the statutory filing fee of $350.00 under an installment plan.** *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan."). An initial partial filing fee of **$0.63** will be assessed by this Order. 28 U.S.C. § 1915(b)(1). Upon payment of that initial partial filing fee, Plaintiff will be obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to his trust account.

To accomplish collection, **IT IS ORDERED** that:

1. The **Kentucky State Penitentiary** shall collect from Plaintiff's prison trust account an initial partial filing fee in the amount of **$0.63** and shall forward the amount to the Clerk of the Court. Said payment shall be clearly identified by Plaintiff's name, Inmate Identification Number, and number assigned to this action.

2. Thereafter, the **Kentucky State Penitentiary** shall collect the **$349.37** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to his trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2).

3. The institution need not issue separate checks for individual plaintiffs. Payment may be forwarded by the institution in a single check for all plaintiffs in its custody. However, the institution <u>must</u> clearly delineate each prisoner, his/her case number, his/her Inmate Identification Number, and the amount to be paid on a ledger accompanying each payment from the institution.

   4.  All payments shall be made payable to **Clerk, U.S. District Court** and sent to the following address:

Office of the Clerk  
United States District Court  
Western District of Kentucky  
601 West Broadway, Ste. 106  
Louisville, Kentucky 40202-2249

   5.  The **Clerk of this Court is directed to open an account** for the payment of the filing fee in this action.

Date:

cc:  Plaintiff, *pro se*  
   Financial Section, USDC, WDKY  
   KSP, Attn: Inmate Accounts #155616, P.O. Box 5128, Eddyville, KY 42038  
4413.005