UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:09-CV-00046-TBR

CLAUDE R. COX                                                                                          PLAINTIFF

v.

HOBERT HUDDLESTON, et al.                                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter having come before the Court upon Defendants' Motion for Judgment on the Pleadings (DN 18). Plaintiff has filed no response. This matter is now ripe for adjudication. For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff Claude R. Cox, a prisoner housed at the Kentucky State Penitentiary ("KSP), filed a pro se civil rights complaint (5:09-CV-00046-R) pursuant to 42 U.S.C. § 1983 against KSP employees Officers Hobert Huddleston, Greg Howard, and Warden Thomas L. Simpson. In the complaint, Plaintiff alleges that he fears for his life in the section of KSP where he is currently being housed do to trouble with officers and inmates in that section. He does not state a basis for, or facts supporting, his fear. He claims that he asked Defendants to move him to a safer location within KSP or to transfer him to another facility but this request was denied. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the Eighth Amendment claim to proceed against all defendants.

Subsequently the Plaintiff filed a pro se civil rights complaint (5:09-CV-00083-R) pursuant to 42 U.S.C. § 1983 against KSP Warden Thomas L. Simpson, Deputy Warden Greg Howard, Unit Administrator Byron Jisis and Deputy Warden Allen Brown. In the complaint, Plaintiff alleges that he has trouble and conflicts with several of the officers in the section of KSP where he is currently

being housed. He does not identify the conflict or trouble. He claims that he asked Defendants Simpson, Howard and Jisis to move him to a different location but his requests were denied. The court dismissed the claim against Defendant Brown, but allowed the Eighth Amendment claim to proceed against Defendants Simpson, Howard and Jisis. These matters are now consolidated in this case.

Defendants have now moved for a judgment on the pleadings.

**STANDARD**

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). While the allegations of the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Legal conclusions and unwarranted factual inferences need not be accepted as true. *JPMorgan*, 510 F.3d at 582 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

## DISCUSSION

### Eight Amendment

Defendants argue Plaintiff has failed to state a claim for violation of the Eighth Amendment because he has alleged only psychological harm which is not a serious enough injury to support an Eighth Amendment claim.

The Supreme Court has established a two part test for determining a violation of the Eighth Amendment: "First, the deprivation alleged must be, objectively, 'sufficiently serious,'" and, second, the prison official must have acted with deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970). Defendants argue Plaintiff has not alleged an injury which is sufficiently serious to establish the objective component.

The Supreme Court has explained that the deprivation alleged "must result in the denial of the 'minimal civilized measure of life's necessities.'" *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

In *Wilson v. Yaklich*, the plaintiff alleged that on two occasions he received threats from a prison gang and that the prison officials failed to take action to protect him. 148 F.3d 596, 600 (6th Cir. 1998). The plaintiff made no allegation that he suffered any harm because of the prison official's failure to protect or that he was currently threatened. *Id.* The Sixth Circuit held that

3

"[e]ven if he had claimed a non-physical injury such as fear of assault at the hands of the prison gang, however, monetary damages for such alleged harm would not have been appropriate in *this* Eighth Amendment context." *Id.* at 601 (emphasis in original). The court went on to state that "[t]he Supreme Court itself has noted that 'extreme deprivations are required to make out a conditions of confinement claim,' as opposed to an excessive force claim." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). The court found "[n]o such egregious failures on the part of prison officials have been established here." *Id.* The court then quoted the Seventh Circuit in *Babcock v. White* which held:

> However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment. [A] claim of psychological injury does not reflect the deprivation of "the minimal civilized measures of life's necessities," that is the touchstone of a conditions-of-confinement case. Simply put, [the plaintiff] alleges, not a "failure to prevent harm," but a failure to prevent exposure to risk of harm. This does not entitle [the plaintiff] to monetary compensation.

102 F.3d 267, 272 (7th Cir. 1996) (internal citations omitted).

Similarly, in this case Plaintiff has alleged a failure to prevent exposure to risk of harm rather than failure to prevent harm. Plaintiff alleges that he fears for his life in the section of KSP where he is currently being housed due to trouble with officers and inmates in that section. Unlike *Wilson* or *Babcock*, Plaintiff has not alleged specific threats only that he has "come too (sic) believe that all of the inmate's (sic) are waiting too (sic) get [him] in a place and that they are going too (sic) rill (sic) [him]." Additionally, Plaintiff has alleged he has been placed in protective custody, a method of ensuring a prisoner's safety. As in *Wilson*, there has been no egregious failure on the part of Defendants, therefore monetary damages are inappropriate.

**Injunctive Relief**

Plaintiff also requests injunctive relief in the form of a transfer. While case law makes clear that monetary damages are not available in this case, Plaintiff may still be entitled to injunctive relief "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer*, 511 U.S. at 845. The Supreme Court explained,

> "the subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct,": their attitudes and conduct at the time suit is brought and persisting thereafter. An inmate seeking an injunction on the ground that there is "a contemporary violation of a nature likely to continue," must adequately plead such a violation; to survive summary judgment, he must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future. In so doing, the inmate may rely, in the district court's discretion, on developments that postdate the pleadings and pretrial motions, as the defendants may rely on such developments to establish that the inmate is not entitled to an injunction.

*Farmer*, 511 U.S. at 845-46 (internal citations omitted). Therefore, "prison officials may defend against a failure-to-protect claim on the basis that they responded reasonably to the known risk of harm." *Smith v. Arkansas Dept. of Correction*, 103 F.3d 637, 645 (8th Cir. 1996) (citation omitted); *see also Farmer*, 511 U.S. at 847 n. 9 (prison officials "could prevent issuance of an injunction by proving, during the litigation, that they were no longer unreasonably disregarding an objectively intolerable risk of harm and that they would not revert to their obduracy upon cessation of the litigation."). The Court also advised that an inmate should "take advantage of internal prison procedures" because "[w]hen those procedures produce results, they will typically do so faster than judicial processes can. And even when they do not bring constitutionally required changes, the inmate's task in court will obviously be much easier." *Id.* at 847.

Plaintiff alleges in his complaint that he fears for his life and that he asked Defendants to

5

transfer him to a safer location but his requests were denied. Plaintiff has also attached evidence of the grievance he filed after his request to transfer was denied. Plaintiff's allegations appear to be current and ongoing. There has been no evidence regarding Defendant's current attitudes or conduct and there is no evidence Plaintiff has been transferred or moved to a different location. At this stage, Plaintiff has sufficiently alleged facts to support his claim for injunctive relief. Although the Court finds Plaintiff has met his burden on a motion for judgment on the pleadings, Plaintiff may not be able to meet the higher burden on a motion for summary judgment.

## Qualified Immunity

In the alternative, Defendants argue they are entitled to immunity. Defendants first argue that they are entitled to absolute immunity against any of Plaintiff's official capacity claims pursuant to the Eleventh Amendment. The Court notes that no official capacity claims are brought against Defendants. Next, Defendants argue they are entitled to qualified immunity for the claims against them in their individual capacities.

"[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Sixth Circuit has set out a three-step inquiry in determining qualified immunity:

> First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred. Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. Third, we determine whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

*Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir.2003), *reh'g and reh'g en banc denied* (May 6, 2003) (internal quotation marks omitted).

Plaintiff has sufficiently alleged that a constitutional violation of a clearly established right occurred. The clearly established right is the right of prisoners to be free from injury at the hands of other prisoners: "prison officials . . . must take reasonable measures to guarantee the safety of the inmates" and "have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 832, 833 (quotation marks and citation omitted); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition. The Amendment, as we have said, requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.'"). Plaintiff has alleged that he feared for his life because he believed the other inmates intended to attack him causing psychological harm and that his request for a transfer to safety was denied. Additionally, Plaintiff's allegation that Defendants refused to transfer him to safety is a sufficient factual allegation that the actions of Defendants were objectively unreasonable. There is no evidence before the Court at this time regarding the conduct of Defendants other than the allegations of Plaintiff that his request for a transfer to safety was denied, which the Court must accept as true. The Court finds Defendants are not entitled to qualified immunity at this time.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED in part and DENIED in part. Plaintiff's claim for monetary damages for violation of the Eighth Amendment is dismissed; however, Plaintiff's claim for injunctive relief remains. An appropriate judgment shall be issued.