# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION
### CASE NO. 5:09-CV-00046-R

CLAUDE R. COX                                                          PLAINTIFF

v.

THOMAS L. SIMPSON, et al.                                            DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Defendants' Motion for Summary Judgment (DN 22). Plaintiff has not filed a timely response. This motion is now ripe for adjudication. For the reasons that follow, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff Claude R. Cox, *pro se*, is currently a prisoner at the Kentucky State Penitentiary ("KSP"). Cox alleges in this action, under 42 U.S.C. § 1983, that he fears for his safety as other inmates at KSP are threatening him with physical harm. He does not describe the type of harm he fears, which inmates are threatening him, or exactly why these individuals want to hurt him. Cox brings this suit against KSP employees Thomas Simpson, Greg Howard, Byron Jisis, and Allen Brown ("Defendants") because they have refused to transfer Cox to Kentucky State Reformatory (KSR), where he will be safe. Cox also avers that he has experienced a number of problems with the guards and officials in KSP. He seeks monetary damages and injunctive relief ordering his transfer to another facility.

Defendants moved for summary judgment on September 22, 2010, stating that they are entitled to qualified immunity, that Cox is not entitled to an injunction ordering his transfer to KSR,

and that his complaint is too vague to provide the relief requested.  Cox has not responded to this motion.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

As stated above, the time has passed for Cox to respond to Defendants' Motion for Summary

Judgment. Since the law requires that Cox present more than a mere scintilla of evidence in support of his position and he has failed to do so, this Court must grant the Defendants' Motion for Summary Judgment. *See Hartsel*, 87 F.3d at 799. Notwithstanding his failure to reply, this Court believes that the facts in the complaint do not present an issue of material fact upon which a reasonable jury could find for Cox.

The doctrine of qualified immunity sets forth that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Feathers v. Aey*, 319 F.3d 843, 847-48 (6th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Sixth Circuit provides the following frame work when deciding whether a government employee is entitled to qualified immunity:

> Qualified immunity involves a three-step inquiry. First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred. Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. Third, we determine whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

*Id*. at 848 (internal citations and quotation marks omitted). While Cox does declare that he is in physical danger from other prisoners, his complaint is regrettably sparse as to the basis for these beliefs. Accordingly, the Court cannot evaluate whether the prison officials acted unreasonably in protecting Cox's constitutional rights. Ignoring this however, the facts indicate that upon Cox's earlier complaints to prison officials that other inmates may injure him, he was moved to protective custody to ensure his safety. This appears an aptly reasonable response; therefore Cox has not satisfied prong three of the above-stated analysis and the officials are thereby entitled to qualified

immunity.

Finally, Cox's Eighth Amendment claim petitioning for a transfer from KSP must fail when considering the legal precedent. Courts have consistently held that simple fear from assault while an individual is imprisoned does not constitute a sufficiently serious injury to create a cognizable constitutional claim. *See e.g.*, *Tribe v. Snipes*, 19 F. App'x. 325, 326 (6th Cir. 2001); *Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997); *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996); *Bolton v. Goord*, 992 F. Supp. 604, 627 (S.D.N.Y. 1998). Moreover, thorough and descriptive pleadings are required to support these particular actions, something Cox has not provided the Court. As a result, summary judgment is proper.

## CONCLUSION

FOR THE FOREGOING REASONS, Defendants' Motion for Summary Judgement (DN 22) is GRANTED.

An appropriate order shall issue.